IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20121-BB

JOHN FALKENHAGEN JR.,

    Plaintiff,

v.

VALERIA MCGOUGH and BRICKELL
BROKERS LLC d/b/a BRICKELL BROKERS
R.E.,

    Defendants.

_____

**PLAINTIFF'S UNOPPOSED MOTION FOR CLARIFICATION
REGARDING ORDER REQUIRING SCHEDULING REPORT AND FOR EXTENSION
OF TIME TO FILE JOINT SCHEDULING REPORT**

Plaintiff John Falkenhagen Jr. ("Plaintiff") hereby files this unopposed motion for clarification regarding the Court's January 10, 2025 Order Requiring Scheduling Report and Certificates of Interested Parties (the "Order") [D.E. 6] and for extension of time for the parties to file their Joint Scheduling Report, per the Order.

    1.    On January 9, 2025, Plaintiff filed his Complaint. See D.E. 1.

    2.    On January 10, 2025, the Court issued the Order, requiring that "[w]ithin twenty-one (21) days of an appearance by a Defendant in this case, the parties are directed to prepare and file a joint scheduling report, as required by Local Rule 16.1." See D.E. 6.

    3.    On January 15, 2025, defendant Brickell Brokers LLC d/b/a Brickell Brokers R.E. ("Brickell Brokers") was served with the Summons and the Complaint. See D.E. 9.  As such, Brickell Brokers' Answer or responsive pleading was due February 5, 2025.

4. On February 5, 2025, Brickell Brokers' counsel filed a Notice of Attorney Appearance [D.E. 10] and filed Brickell Brokers' Answer and Affirmative Defenses to Complaint [D.E. 11].

5. On February 12, 2025, undersigned counsel e-mailed Brickell Brokers' counsel, notifying her that the Joint Scheduling Report needed to be drafted per the Order.

6. On February 17, 2025, undersigned counsel e-mailed a draft Joint Scheduling Report to Brickell Brokers' counsel for her review. The following day, Brickell Brokers' counsel responded that she was working on a motion to withdraw, but would also review the Joint Scheduling Report.

7. On February 18, 2025, Brickell Brokers' counsel filed a Motion to Withdraw as Attorney (the "Motion to Withdraw"). See D.E. 14.

8. On February 19, 2025, the Court granted the Motion to Withdraw, set March 12, 2025 as Brickell Brokers' deadline to obtain new counsel, and stayed "[a]ll pending events and deadlines in this case" for 21 days. See D.E. 15.

9. On February 20, 2025, defendant Valeria McGough ("McGough") was served with the Summons and the Complaint. See D.E. 16. As such McGough's Answer or responsive pleading was due March 13, 2025.

10. On March 10, 2025, McGough filed a Motion for Extension of Time to File an Answer as to Complaint (the "Motion for Extension"). See D.E. 18.

11. On March 11, 2025, the Court granted the Motion for Extension and ordered that McGough shall answer or otherwise respond to the Complaint on or before March 25, 2025. See D.E. 19.

12. On March 11, 2025, the Court also reset Brickell Brokers' deadline for response/answer due to March 25, 2025.

13. On March 24, 2025, McGough filed her Answer and Affirmative Defenses to Complaint. See D.E. 20.

14. On March 26, 2025, the Court entered the following paperless order [D.E. 21]:

> On February 19, 2025, the Court granted the Motion to Withdraw as Counsel for Defendant Brickell Brokers, LLC ("Defendant"), ECF No. 15 . Because Defendant is a limited liability company, it is an "artificial entity that can act only through agents[,] cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Therefore, Defendant was directed to retain counsel by March 12, 2025. Id. To date, Defendant has failed to comply.
>
> Accordingly, it is ORDERED AND ADJUDGED that by April 9, 2025, Defendant shall retain counsel, who, by such date, must file a notice of appearance and submit a response to Plaintiff's Complaint, or show cause why default should not be entered. Failure to comply will result in sanctions. Signed by Judge Beth Bloom (ap01) (Entered: 03/26/2025)

15. While Brickell Brokers initially appeared on February 5, 2025, seemingly triggering the 21-day deadline for the Joint Scheduling Report, as laid out in the Order, because the entity is no longer represented (formally, as of February 19, 2025) and there is an outstanding and unsatisfied deadline for Brickell Brokers to retain counsel and appear in the case, Plaintiff has not been able to comply with the Court's Joint Scheduling Report requirement and deadline.

16. McGough recently appeared on March 10, 2025 to file the Motion for Extension and recently filed her Answer on March 24, 2025. While Plaintiff's counsel can meet and confer with McGough regarding a Joint Scheduling Report, such would seem premature, given the uncertainty as to how and whether Brickell Brokers will be participating in the lawsuit going forward.

17. As such, in light of the status of each party, Plaintiff respectfully seeks clarification as to the Court's deadline for the parties to file a Joint Scheduling Report and, to the extent necessary, seeks an extension to file the Joint Scheduling Report to a date after Brickell Brokers' deadline to comply with the Court's outstanding orders and/or after the Court makes a determination as to Brickell Brokers' status. Such information would be pertinent to and impact the contents of the Joint Scheduling Report.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) clarifying the deadline for the parties to file a Joint Scheduling Report and (b) to the extent necessary, extending the deadline for the parties to file a Joint Scheduling Report to a date after Brickell Brokers' deadline to comply with the Court's outstanding orders and/or after the Court makes a determination as to Brickell Brokers' status.

Respectfully submitted,

Dated: March 28, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), Plaintiff's counsel conferred with defendant Valeria McGough regarding the relief sought herein. Valeria McGough consented to the relief sought herein. Since defendant Brickell Brokers LLC is unrepresented, Plaintiff's counsel was unable to confer with it regarding the relief sought herein.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I hereby certify that on March 28, 2025, I served the foregoing document via U.S. Mail to: Valeria McGough, 1861 NW South River Dr, #1905, Miami, FL 33125 and via Email to: valeria@brickellbrokers.com; and Brickell Brokers LLC d/b/a Brickell Brokers R.E., 19505 Biscayne Blvd. Suite 2350, Aventura, FL 33180 and via Email to: info@brickellbrokers.com and david@brickellbrokers.com.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.