IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20121-BB

JOHN FALKENHAGEN JR.,

    Plaintiff,

v.

VALERIA MCGOUGH and BRICKELL
BROKERS LLC d/b/a BRICKELL BROKERS
R.E.,

    Defendants.

_____

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT BRICKELL BROKERS LLC'S ANSWER AND FOR ENTRY OF JUDICIAL DEFAULT**

Plaintiff John Falkenhagen Jr. ("Plaintiff") hereby files this motion to strike the Answer to Complaint (the "Answer") [D.E. 11] filed by defendant Brickell Brokers LLC d/b/a Brickell Brokers R.E. ("Brickell Brokers") and for entry of judicial default against Brickell Brokers, and states as follows:

1. On January 9, 2025, Plaintiff filed his Complaint. See D.E. 1.

2. On January 15, 2025, defendant Brickell Brokers was served with the Summons and the Complaint. See D.E. 9. As such, Brickell Brokers' Answer or responsive pleading was due February 5, 2025.

3. On February 5, 2025, Brickell Brokers' counsel filed a Notice of Attorney Appearance [D.E. 10] and filed Brickell Brokers' Answer and Affirmative Defenses to Complaint (the "Answer")[D.E. 11].

4. On February 18, 2025, Brickell Brokers' counsel filed a Motion to Withdraw as Attorney (the "Motion to Withdraw"). See D.E. 14.

5. On February 19, 2025, the Court granted the Motion to Withdraw, set March 12, 2025 as Brickell Brokers' deadline to obtain new counsel, and stayed [a]ll pending events and deadlines in this case" for 21 days. See D.E. 15.

6. On March 11, 2025, the Court reset Brickell Brokers' deadline for response/answer due to March 25, 2025.

7. On March 26, 2025, the Court entered the following paperless order [D.E. 21]:

> On February 19, 2025, the Court granted the Motion to Withdraw as Counsel for Defendant Brickell Brokers, LLC ("Defendant"), ECF No. 15 . Because Defendant is a limited liability company, it is an "artificial entity that can act only through agents[,] cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Therefore, Defendant was directed to retain counsel by March 12, 2025. Id. To date, Defendant has failed to comply.
>
> Accordingly, it is ORDERED AND ADJUDGED that by April 9, 2025, Defendant shall retain counsel, who, by such date, must file a notice of appearance and submit a response to Plaintiff's Complaint, or show cause why default should not be entered. Failure to comply will result in sanctions. Signed by Judge Beth Bloom (ap01) (Entered: 03/26/2025)

8. As the docket in this action reveals, no notice of appearance or response to Plaintiff's Complaint has been filed by Brickell Brokers through counsel, nor has Brickell Brokers shown cause why default should not be entered against it.

9. As the Court has already noted [D.E. 21], federal law requires a corporate entity to be represented by counsel. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel."); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that… cannot appear pro se, and must be represented by counsel."); Ermert v. Caribbean Bus. Inc., Civil Action No. 20-23803-Civ-

Scola, 2021 U.S. Dist. LEXIS 2343, at *2 (S.D. Fla. Jan. 6, 2021) ("As an initial matter, to the extent Morzan seeks to represent Caribbean Business, corporations may not litigate a matter pro se. In order to appear in this matter, then, Caribbean must be represented by counsel.") (internal citations omitted).

10.     While Brickell Brokers initially filed its Answer through counsel, it is no longer represented by any counsel and is, therefore, proceeding in this matter *pro se*. As a result, Brickell Brokers cannot, as a matter of law, represent itself in this lawsuit, nor can it defend itself or assert and/or establish any allegations in the Answer, including any of its alleged denials, admissions, general defenses, and/or affirmative defenses. As such, Brickell Brokers' Answer should be stricken and the Court should enter a judicial default against Brickell Brokers for failing to comply with the Court's orders [D.E. 21], including the order to retain counsel by April 9, 2025, file a notice of appearance by April 9, 2025, file a response to the Complaint by April 9, 2025, and/or show cause why default should not be entered against it by April 9, 2025.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) striking the Answer; (b) entering judicial default against defendant Brickell Brokers LLC d/b/a Brickell Brokers R.E.; and (c) for such further relief as the Court deems proper.

Respectfully submitted,

Dated: April 22, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
   Daniel DeSouza, Esq.
   Florida Bar No.: 19291

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), Plaintiff's counsel has been unable to confer with defendant Brickell Brokers LLC regarding the relief sought herein, as it is unrepresented to date.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I hereby certify that on April 22, 2025, I served the foregoing document via U.S. Mail to: Valeria McGough, 1861 NW South River Dr, #1905, Miami, FL 33125 and via Email to: valeria@brickellbrokers.com; and Brickell Brokers LLC d/b/a Brickell Brokers R.E., 19505 Biscayne Blvd. Suite 2350, Aventura, FL 33180 and via Email to: info@brickellbrokers.com and david@brickellbrokers.com.

        /s/ Daniel DeSouza\_\_\_
        Daniel DeSouza, Esq.