UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20121-BLOOM/Elfenbein

JOHN FALKENHAGEN, JR.,

    Plaintiff,

v.

VALERIA MCGOUGH, and
BRICKELL BROKERS LLC,

    Defendants.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff John Falkenhagen Jr.'s ("Falkenhagen") Motion for Summary Judgment ("Motion"), ECF No. [39]. Defendant Brickell Brokers LLC failed to file a Response. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

**I.    BACKGROUND**

Plaintiff is a boat, yacht, and real estate photographer primarily serving the area of Saint Lucie County, Florida. Valeria McGough is a licensed real estate agent primarily servicing South Florida and its surrounding areas, having been in the real estate business for around 20 years. Defendant owns and operates a full-service real estate brokerage, founded in 2002, with over 200 real estate associates. In 2017, Plaintiff created a photograph titled "Verano Talavera Pool Outdoor Lounge Area" (the "Work") The Work was registered by Plaintiff with the Register of Copyrights on April 3, 2023, and was assigned Registration No. VA 2-347-680. On March 25, 2024, after Plaintiff's registration of the Work with the Copyright Office, Defendants listed for rent (MLS#: FX-10430922) the real property located at 11365 Southwest Visconti Way, Port St. Lucie, FL

34986 (the "Property"). In doing so, Defendants created and published a listing (MLS#: FX-10430922, the "MLS Listing") to market and rent the subject Property. The MLS Listing included a copy of the Work among other photographs selected by Defendants to market the Property. All such photographs, including the copy of the Work, were then published and viewable across multiple websites. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with the MLS Listings. Defendants utilized the Work for commercial use.

Plaintiff filed a Complaint asserting claims of Copyright Infringement and Vicarious Copyright Infringement against Defendant. Plaintiff asserts that, by their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. *See* ECF No. [1]. Defendant Valeria McGough thereafter entered into a settlement and was dismissed from the case. *See* ECF Nos. [31], [33]. Defendant Brickell Brokers LLC filed its Answer and Affirmative Defenses, ECF No. [11]. Defendant denied the allegations and asserted certain affirmative defenses, including failure to state a claim, lack of standing, unclean hands, and the use of the photograph was *de minimus* . As the undisputed facts unequivocally constitute copyright infringement, Plaintiff is entitled to summary judgment.

**UNDISPUTED FACTS**

The Declaration of John Falkenhagen Jr., dated December 17, 2025, *See* ECF No. [39, Ex. A] (the "Falkenhagen Decl."), establishes the following undisputed facts:

Plaintiff Falkenhagen is a boat, yacht, and real estate photographer primarily serving the area of Saint Lucie County, Florida. ¶ 3. Since 2016, Plaintiff has worked as a professional real estate photographer, garnering work with some of the top producing realty agents in Saint Lucie County. His work is routinely featured in real estate magazines, newspaper advertisements, and brochures.

He invests considerable time in research, capturing photographs, and editing his work to fit clients' needs. *Id.* at ¶ 4. Using state-of-the-art equipment and advanced editing techniques, Plaintiff has been in the business of taking high-end photography throughout South Florida for several years. When commissioned for a job, he spends countless hours capturing dozens of photographs and then processing those photographs to ensure they meet customers' requirements. As a result, Plaintiff consistently delivers stunning interior, exterior, and aerial photographs. *Id.* at ¶ 5. Plaintiff owns each of his photographs available for license and serves as the licensing agent with respect to licensing such photographs for limited use by his customers. To that end, his standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms establish that all copyright ownership remains with Plaintiff and his customers are not permitted to transfer, assign, or sub-license any of his photographs to another person or entity. *Id.* at ¶ 6.

In 2017, Plaintiff created a photograph titled "Verano Talavera Pool Outdoor Lounge Area" (the "Work"). *Id.* at ¶ 7. Plaintiff registered The Work with the Register of Copyrights on April 3, 2023, and was assigned Registration No. VA 2-347-680. Plaintiff is the owner of the Work and has remained the owner at all times material. In March 2024, Plaintiff discovered that Defendant Valeria McGough ("McGough") and the Defendant Brickell Brokers LLC ("Brickell Brokers") listed for rent (MLS#: FX-10430922) the real property located at 11365 Southwest Visconti Way, Port St. Lucie, FL 34986 (the "Property"). In doing so, Defendants created and published a listing (MLS#: FX-10430922). Plaintiff now seeks summary judgment on his copyright infringement claims.

## II. LEGAL STANDARD

### A. Summary Judgment

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). In making this determination, the Court construes the evidence in the light most favorable to the non-moving party. *Butler v. Gualtieri*, 41 F.4th 1329, 1334 (11th Cir. 2022). "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts." *Id.* (citing *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir. 1969)).

"The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). "Once a moving party has sufficiently supported its motion for summary judgment, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472, 1477 (11th Cir. 1991). At that juncture, "the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex*, 477 U.S. at 324).

Where the non-movant would bear the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material *negating* the opponent's claim in order to discharge this initial responsibility." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16

(11th Cir. 1993) (quoting *United States v. Four Parcels of Real Prop. in Green & Tuscaloosa Cntys. in the State of Ala.*, 941 F.2d 1428, 1437–38 (11th Cir. 1991)). "Instead, the moving party simply may show . . . that there is an absence of evidence to support the non-moving party's case . . . ." *Id.* (quoting *Four Parcels of Real Prop.*, 941 F.2d at 1437–38). However, "[o]n a plaintiff's motion for summary judgment, "the *defendant* bears the initial burden of showing that the affirmative defense is applicable." *Naval Logistic, Inc. v. M/V Fam. Time*, No. 23-22379-CIV, 2024 WL 3691535, at *3 (S.D. Fla. Aug. 6, 2024) (quoting *Off. of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997)).

At the summary judgment stage, the court "may not weigh conflicting evidence to resolve disputed factual issues[.]" *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1327 (S.D. Fla. 2016) (quoting *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007)). However, the mere existence "of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion[.]" *Id.*

"When evaluating cross-motions for summary judgment, the Court analyzes each individual motion on its own merits and thus views the facts on each motion in the light most favorable to the respective nonmovant." *Adega v. State Farm Fire & Cas. Ins. Co.*, No. 07-cv-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16, 2009). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *Purcell v. City of Fort Lauderdale*, 753 F. Supp. 3d 1308, 1324 (S.D. Fla. 2024) (quoting *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984)).

III.   DISCUSSION

   A. Count I – Copyright Infringement

"To state a claim for direct copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Latele Television C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2013 WL 1296314, at *5 (S.D. Fla. Mar. 27, 2013) (citing *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)). Even so, where a plaintiff cannot prove directly that copying occurred, the plaintiff may still demonstrate copying by providing "proof of access to the copyrighted work and probative similarity." *Id.* (citing *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enters.*, 533 F.3d 1287, 1301 (11th Cir. 2008)). Here, considering the undisputed facts, Plaintiff has satisfied each element of his Copyright Infringement claim. As such, the Court need not analyze Plaintiff's alternative claim for Vicarious Copyright Infringement.

B. Affirmative Defense – Unclean Hands

In its Answer, Defendant Brickell Brokers has asserted several affirmative defenses. ECF No. [11]. The first affirmative defense of failure to state a claim is merely a denial and is refuted by the record. The second affirmative defense of lack of standing is also refuted by the record as Plaintiff holds a valid copyright to the Works that has not been assigned. The affirmative defense of unclean hands has also been asserted. For a defendant to successfully avail itself of the doctrine of unclean hands, it must (1) "demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted" and (2) "show that it was personally injured by [the plaintiff's] conduct." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993). The defense of unclean hands has been applied where the "'plaintiff misused the process of the courts by falsifying a court order, by falsifying evidence, or by misrepresenting the scope of his copyright to the court and opposing party,' or 'when the plaintiff obtained information as to the nature of

defendant's work through unfair means.' " *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1283 (M.D. Fla. 2008). Here, no record evidence has been presented that Plaintiff engaged in any activity that would support the affirmative defense of unclean hands.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff John Falkenhagen Jr.'s ("Falkenhagen") Motion for Summary Judgment ("Motion"), **ECF No. [39]**, is **GRANTED**.

2. The Court will reserve on the issue of Plaintiff's damages. Should Plaintiff elect an award of statutory damages, Plaintiff shall submit an affidavit setting forth the amount being claimed **by March 13, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2026.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:     counsel of record