IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20121-BB

JOHN FALKENHAGEN JR.,

    Plaintiff,

v.

VALERIA MCGOUGH and BRICKELL
BROKERS LLC d/b/a BRICKELL BROKERS
R.E.,

    Defendants.

_____

### PLAINTIFF'S RESPONSE TO ORDER FOR SUMMARY JUDGMENT

Plaintiff John Falkenhagen Jr. ("Plaintiff") hereby responds to the Court's Order on Motion for Summary Judgment [D.E. 42] against Defendants Valeria McGough ("McGough") and/or Brickell Brokers LLC d/b/a Brickell Brokers R.E. ("Brickell Brokers") (collectively, the "Defendants")[1] with attached declaration.

### PROCEDURAL HISTORY

1. On December 17, 2025, Plaintiff filed its Motion for Summary Judgment. See D.E. 39.

2. On March 4, 2026, the Court entered an Order granting Plaintiff's Motion for Summary Judgment. The Court reserved on the issue of Plaintiff's damages and directed Plaintiff to submit an affidavit if Plaintiff elected statutory damages.

### PLAINTIFF'S DAMAGES

**I.    Actual Damages**

---

[1] Valeria McGough was originally a Defendant in this lawsuit, but has resolved this matter with Plaintiff.

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. Id. at 15. To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." Thornton v. J. Jargon Co., 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (citing Montgomery v. Noga, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

As set forth in Falkenhagen Decl., Plaintiff would not have licensed the Work to Defendants for less than $2,500.00 for use on a MLS listing. A true and correct copy of the foregoing license is attached to the Falkenhagen Decl. as Exhibit "1." Had Defendants requested Plaintiff to create and license the Work to reproduce and display the copyrighted Work on their MLS listing, Plaintiff would have charged at least $2,500.00 for such license.

Defendants' inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages. Similarly, Defendants' refusal to cooperate in this lawsuit has prevented Plaintiff from discovering any profits received by Defendants that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Defendants' profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted

work." 17 U.S.C. § 504(b). Defendants solely control all information concerning their gross revenue related to their infringing uses of the Work, and they stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendants' refusal to appear and participate in discovery, and Plaintiff thus elects to seek an award of statutory damages for Brickell Broker's willful infringement of Plaintiff's copyrighted Work.

II. **Statutory Damages are Appropriate for Defendant's Willful Copyright Infringement**

Pursuant to 17 U.S.C. § 504(c), Plaintiff hereby elects to recover statutory damages for Brickell Brokers' infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of its statutory award based upon the willfulness of such infringement. Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award 3x – 5x to properly account for statutory damages. See, e.g., Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5–7 (S.D. Fla. Aug. 7, 2020) (trebling the plaintiff's actual damages after applying a scarcity multiplier); Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16–17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees. As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent."); Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this

Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); Broad. Music, Inc. v. George Moore Enters., Inc., 184 F. Supp. 3d 166, 171–72 (W.D. Pa. Apr. 25, 2016) ("Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions.").

In the context of willful infringement under both the Copyright Act and the Communications Act, the Eleventh Circuit discussed a court's wide discretion to determine the amount of statutory damages to be awarded:

> "The employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion." Douglas v. Cunningham, 294 U.S. 207, 210, 55 S. Ct. 365, 366, 79 L. Ed. 862 (1935); see also Xanthas, 855 F.2d at 237 ("The statute by its terms places no further limits on the district court's discretion."); Harris, 734 F.2d at 1335 ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." (citing L.A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S. Ct. 194, 63 L. Ed. 499 (1919))). In awarding statutory damages, the court "may take into account the attitude and conduct of the parties." Warner Bros., 877 F.2d at 1126; see also Fitzgerald Publishing Co., 807 F.2d at 1117 ("The potential for discouraging the defendant is factored into the determination of the award."); F.W. Woolworth Co., 344 U.S. at 233, 73 S. Ct. at 225 ("The statutory rule . . . is designed to discourage wrongful conduct. . . . Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy."). In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed.

Cable/Home Commun. Corp. v. Network Prods., 902 F.2d 829, 852 (11th Cir. 1990). In awarding enhanced damages "deterrence of future violations is a legitimate consideration" because

"defendants must not be able to sneer in the face of copyright owners and copyright laws." Id. at 851 (internal quotation omitted).

As discussed in Plaintiff's Motion for Summary Judgment, Defendant's conduct demonstrates that its conduct is willful. As such, Plaintiff respectfully suggests the Court award statutory damages against Defendant in the amount of **$150,000.00**. Courts in this Circuit have awarded maximum statutory damages for willful infringement of a plaintiff's copyright. See, e.g., Affordable Aerial Photography, Inc. v. Goodrich Real Estate Ltd. Liab. Co., No. 24-81128-CIV, 2025 U.S. Dist. LEXIS 150319 (S.D. Fla. Aug. 5, 2025) (awarding $500,000.00 in statutory damages for willful infringement of plaintiff's photographs); Peleg Design Ltd. v. Individuals, Corps., LLCs, P'ships, & Unincorporated Ass'ns Identified on Schedule A, No. 25-cv-21579-JB, 2025 U.S. Dist. LEXIS 145024, at *22 (S.D. Fla. July 29, 2025) (awarding plaintiff $150,000.00 against each defendant); Hellerman v. Sloan, No. 23-CV-23548-KMW, 2024 U.S. Dist. LEXIS 68151, at *10 (S.D. Fla. Apr. 15, 2024) (awarding plaintiff $150,000.00 against the defendant); Kids Magic LLC v. Individuals, Corps. LLC, P'ships, & Unincorporated Ass'ns Identified on Schedule A, No. 25-cv-20797-DPG, 2025 U.S. Dist. LEXIS 88960, at *15 (S.D. Fla. May 9, 2025) (awarding plaintiff $150,000.00 against each defendant); XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A, 668 F. Supp.3d 1268, 1274 (S.D. Fla. 2023) (awarding $150,000 in statutory damages per defendant for copyright infringement); Kyjen Co., LLC v. Individuals, No. 25-cv-21710, 2025 U.S. Dist. LEXIS 146145, at *24 (S.D. Fla. July 30, 2025) (awarding $150,000 in statutory damages per defendant for copyright infringement); MDM Grp. Assocs. v. L.A. Real Estate, No. 10-0234-CG-B, 2010 U.S. Dist. LEXIS 132936, at *4 (S.D. Ala. Dec. 14, 2010) (awarding $150,000 in statutory damages against defendant for copyright infringement).

Alternatively, to the extent the Court believes a willfulness award is not supported, in cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. See 17 U.S.C. § 504(c)(1). Here, Plaintiff cannot even reasonably calculate his actual damages due to Defendants' refusal to participate. In Corson v. Atherton, No. 2:18-cv-01304-CAS(PLAx), 2020 U.S. Dist. LEXIS 83858, at *7 (C.D. Cal. May 11, 2020) and Loiseau v. Reel Network LLC, No. 2:17-cv-08998-SVW-SS, 2018 U.S. Dist. LEXIS 226860, at *7 (C.D. Cal. July 26, 2018), the courts were confronted with a similar dilemma – a plaintiff that could not fairly calculate its actual damages due to a defendant's wholesale failure to participate in the litigation process. Given the difficulty of presenting actual damages, the difficulty in discovering the extent of the defendants' infringement, and the wide discretion provided to courts in calculating statutory damages, those courts each awarded $30,000.00 in statutory damages - roughly 20% of the statutory maximum.

Recently, in Affordable Aerial Photography, Inc. v. Win Capital, LLC, No. 1:21-cv-22671-JEM/Becerra, 2022 U.S. Dist. LEXIS 140618 (S.D. Fla. Aug. 5, 2022) (report & recommendation adopted at Affordable Aerial Photography, Inc. v. Win Capital, LLC, No. 21-22671-CIV-MARTINEZ-BECERRA, 2022 U.S. Dist. LEXIS 158713 (S.D. Fla. Sep. 1, 2022)), Judge Martinez entered a $120,000.00 default judgment with respect to the infringement of four (4) real estate photographs similar in nature/quality of the photograph at issue herein (i.e., $30,000.00 per photograph). Given the foregoing authority, to the extent the Court does not believe the $150,000.00 maximum is appropriate here, Plaintiff requests that the Court enter judgment for $30,000.00 (the non-willful maximum under § 504). This is 20% of the maximum ($150,000.00) damages that the Court can impose.

| | |
|---|---|
| Dated: March 13, 2026. | COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br>meghan@copycatlegal.com<br><br>By: /s/ Daniel DeSouza<br>    Daniel DeSouza, Esq.<br>    Meghan Medacier, Esq. |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza

Daniel DeSouza, Esq.